# United States Court of Appeals for the Federal Circuit

———————————————

July 11, 2022

**ERRATA**

———————————————

Appeal Nos. 2021-1131, 2021-1132, 2021-1133, 2021-1134, 2021-1135, 2021-1136, 2021-1137, 2021-1138, 2021-1139, 2021-1140, 2021-1142, 2021-1143, 2021-1144, 2021-1145, 2021-1146, 2021-1147, 2021-1148, 2021-1151, 2021-1152, 2021-1155, 2021-1157, 2021-1159, 2021-1161, 2021-1162, 2021-1163, 2021-1164, 2021-1165, 2021-1167, 2021-1171, 2021-1172, 2021-1173, 2021-1174, 2021-1175, 2021-1176, 2021-1177, 2021-1178, 2021-1184, 2021-1186, 2021-1187, 2021-1188, 2021-1189, 2021-1190, 2021-1192, 2021-1193, 2021-1195, 2021-1196, 2021-1197, 2021-1198, 2021-1199, 2021-1200, 2021-1201, 2021-1204, 2021-1205, 2021-1206, 2021-1207, 2021-1208, 2021-1214, 2021-1215, 2021-1216, 2021-1217, 2021-1218, 2021-1220, 2021-1221, 2021-1222, 2021-1223, 2021-1224, 2021-1225, 2021-1230, 2021-1231, 2021-1232, 2021-1233, 2021-1234, 2021-1237, 2021-1238, 2021-1239, 2021-1240, 2021-1241, 2021-1242, 2021-1243, 2021-1244, 2021-1250, 2021-1251, 2021-1252, 2021-1253, 2021-1254, 2021-1255, 2021-1256, 2021-1268, 2021-1269, 2021-1270, 2021-1271, 2021-1272, 2021-1273, 2021-1274, 2021-1275, 2021-1276, 2021-1277, 2021-1279, 2021-1280, 2021-1281, 2021-1282, 2021-1283, 2021-1284, 2021-1285, 2021-1286, 2021-1287, 2021-1288, 2021-1289, 2021-1290, 2021-1291, 2021-1293, 2021-1294, 2021-1295, 2021-1296, 2021-1302, 2021-1303, 2021-1304, 2021-1305, 2021-1306, 2021-1307, 2021-1308, 2021-1309, 2021-1310, 2021-1311, 2021-1312, 2021-1313, 2021-1314, 2021-1315, 2021-1316, 2021-1317, 2021-1318, 2021-1319, 2021-1320, 2021-1322,

2021-1324, 2021-1325, 2021-1335, 2021-1336, 2021-1337, 2021-1338, 2021-1339, 2021-1341, 2021-1394, 2021-1398, 2021-1403, 2021-1404, 2021-1405, 2021-1406, 2021-1407, 2021-1427, 2021-1429, 2021-1431, 2021-1444, 2021-1455, 2021-1464, 2021-1465, 2021-1467, 2021-1468, 2021-1472, 2021-1479, 2021-1481, 2021-1482, 2021-1483, 2021-1492, 2021-1494, 2021-1499, 2021-1513, 2021-1529, 2021-1539, 2021-1540, 2021-1541, 2021-1847, 2021-1889, 2021-1890, 2021-1891, 2021-1894, 2021-1947, 2021-2047

————————————

**VIRGINIA MILTON AND ARNOLD MILTON, ON BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY SITUATED PERSONS, ET AL.,**
*Plaintiffs-Appellants*

**TRAVELERS EXCESS AND SURPLUS LINES COMPANY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

————————————

Decided:  June 2, 2022
Precedential Opinion

————————————

Please make the following change to page 14 of the panel opinion:

> In other words, we leave it for the lower court to consider: (1) whether Appellants have shown that a temporary taking occurred under the test applicable to flooding cases, *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 39 (2012); (2) whether

> Appellants have established causation when considering "the impact of the entirety of government actions that address the relevant risk," *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1364 (Fed. Cir. 2018), *cert. denied* 139 S. Ct. 796 (2019); and (3) whether the Government can invoke the necessity doctrine as a defense.

is changed to:

> In other words, we leave it for the lower court to consider: (1) whether Appellants have shown that a temporary taking occurred under the test applicable to flooding cases, *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 39 (2012); (2) whether Appellants have shown that a permanent taking occurred; (3) whether Appellants have established causation when considering "the impact of the entirety of government actions that address the relevant risk," *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1364 (Fed. Cir. 2018), *cert. denied* 139 S. Ct. 796 (2019); and (4) whether the Government can invoke the necessity doctrine as a defense.